UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:                                                          Bankruptcy No. 04-31714
                                                                Chapter 7
Suzanne M. Withey, f/k/a Suzanne
Amsbaugh,

            Debtor.
_____/

Bosard, McCutcheon & Rau, Ltd.,                                 Adversary No. 05-7004

            Plaintiff,

    vs.

Suzanne M. Withey, f/k/a Suzanne
Amsbaugh,

            Defendant.
_____/

**MEMORANDUM AND ORDER**

This case is before the Court on Motion for Summary Judgment filed by Plaintiff Bosard, McCutcheon & Rau, Ltd., on April 18, 2005.  Debtor/Defendant Suzanne M. Withey filed a response objecting to the motion on May 12, 2005, and also filed a Motion for Summary Judgment on the same date.  Bosard, McCutcheon & Rau filed a response objecting to the Debtor's motion on May 23, 2005.  The matter is set for trial on June 20, 2005.

By Complaint filed January 10, 2005, Bosard, McCutcheon & Rau initiated this adversary proceeding seeking a determination that the Debtor's outstanding obligation to it for legal services

in the amount of $29,583.70 is nondischargeable pursuant to 11 U.S.C. § 523(a).[1] The Debtor filed an Answer on January 27, 2005, denying she obtained the legal services through false pretenses or actual fraud.

The Debtor hired Attorney Robert Rau in 2001 to represent her in a divorce action. The Debtor made an initial payment as a retainer. The Debtor did not sign a fee agreement, but on March 30, 2001, Attorney Rau sent the Debtor a letter confirming his representation of the Debtor, stating:

> This will confirm our representation on fees and costs. We bill at the rate of $150.00 per hour plus costs. We will bill you on a periodic basis, and expect to be paid within 30 days of that billing. If we are not paid at that time we will assess a service charge on the bill and account at the rate of 1 ½ percent per month until paid. We have explained this to you and you have indicated your approval of this fee arrangement.

Attorney Rau represented the Debtor in her divorce case. Judgment was entered in the divorce case on January 24, 2003, and Attorney Rau also represented the Debtor in the appeal of the trial court's decision in the divorce case. The appellate court entered its decision in the case on January 14, 2004. The Debtor received periodic billing statements throughout Attorney Rau's representation of her, but she was unable to make payment on most of them.

After the appeal, Attorney Rau also assisted the Debtor in rolling over her former husband's retirement account to her. The Debtor agreed that a portion of the funds from the account would

---

[1] The Complaint does not specify a particular subsection of section 523(a) under which a nondischargeability determination is sought, but Bosard, McCutcheon & Rau indicates in its brief in support of its motion for summary judgment that it seeks a nondischargeability determination under section 523(a)(2)(A). Bosard, McCutcheon & Rau's response to the Debtor's motion for summary judgment cites section 523(a)(6), for the first time, as an alternative basis for nondischargeability.

2

be withdrawn to pay Attorney Rau a lump sum. She agreed to make monthly payments on the debt thereafter. At the time, the debt was approximately $28,000.00. The Debtor withdrew funds from the account, but did not pay Attorney Rau.

The Debtor met with a bankruptcy attorney in May 2004 to discuss bankruptcy, and she filed a Chapter 7 petition for bankruptcy relief on September 28, 2004.

A.    Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure applies in adversary proceedings. Fed. R. Bankr. P. 7056. Summary judgment is appropriate if, viewing all reasonable inferences favorable to the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Superpumper, Inc. v. Nerland Oil, Inc. (In re Nerland Oil, Inc.), 303 F.3d 911, 916 (8th Cir. 2002) ; Nelson v. Nelson, (In re Nelson), 255 B.R. 314, 316 (Bankr. D.N.D. 2000); see Fed. R. Civ. P. 56. Procedurally, the initial burden is on the moving party to establish the lack of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Dennis v. Novotny (In re Novotny), 224 B.R. 917, 921 (Bankr. D.N.D. 1998). Once the moving party has made its showing, the burden shifts to the nonmoving party to demonstrate the existence of a genuine dispute. Fed. R. Civ. Pro. 56(e).

Both parties argue there is no genuine issue of material fact in this case and they are entitled to judgment as a matter of law.

B.    Dischargeability of the Debt

The statutory exceptions to discharge in bankruptcy are narrowly construed to effectuate the fresh start policy of the Bankruptcy Code. Owens v. Miller (In re Miller), 276 F.3d 424 (8th Cir.

3

2002). Accordingly, a creditor opposing discharge of a debt must prove the debt falls within an exception to discharge. Werner v. Hofmann, 5 F.3d 1170, 1172 (8th Cir. 1993). The standard of proof for exceptions to discharge under 11 U.S.C. § 523(a) is the preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 286 (1991).

    1.    11 U.S.C. § 523(a)(2)(A)

Bosard, McCutcheon & Rau argues the obligation is nondischargeable under section 523(a)(2)(A) because the Debtor never had any intention to pay the debt as she had represented she would. The Debtor argues the obligation is dischargeable because she did not obtain Attorney Rau's services through misrepresentation or fraud.

The Bankruptcy Code excepts from discharge any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by— (A) false pretenses, a false representation, or actual fraud . . . ." 11 U.S.C. § 523(a)(2)(A). The language "obtained by" clearly indicates that the fraudulent conduct occurred at the inception of the debt, i.e., the debtor committed a fraudulent act to induce the creditor to part with his money, property or services. See Community Nat'l Bank v. Slominski (In re Slominski), 229 B.R. 432, 435 (Bankr. D.N.D. 1998). If this threshold showing is made, a creditor must prove each of the following elements to establish nondischargeability of a debt under section 523(a)(2)(A):

    (1)    the debtor made a representation;
    (2)    the debtor knew the representation was false at the time it was made;
    (3)    the representation was deliberately made for the purpose of deceiving the creditor;
    (4)    the creditor justifiably relied on the representation; and
    (5)    the creditor sustained the alleged loss as the proximate result of the representation having been made.

4

Burt v. Maurer (In re Maurer), 256 B.R. 495, 500 (B.A.P. 8th Cir. 2000); Simek v. Erdman, (In re Erdman) 236 B.R. 904, 910 (Bankr. D.N.D. 1999).

To sustain a claim of nondischargeability under section 523(a)(2)(A), Bosard, McCutcheon & Rau therefore must make a threshold showing that the alleged fraud existed at the time of, and has been the methodology by which, the money, property or services were obtained. Burbank v. Capelli (In re Capelli), 261 B.R. 81, 88 (Bankr. D. Conn. 2001); Wilcoxon Construction, Inc. v. Woodall (In re Woodall), 177 B.R. 517, 523 (Bankr. D. Md. 1995). Misrepresentations made subsequent to the creation of the debt "have no effect upon the dischargeability of a debt, since the false representation could not have been the creditor's reason for the extension of credit." In re Woodall, 177 B.R. at 524 (citation and internal quotation marks omitted); see also 4 L. King, Collier's on Bankruptcy, § 523.08[1][d], 523-44 (15th ed.1999) ("If the property or services were obtained before the making of any false representation, subsequent misrepresentations will have no effect on dischargeability.")

Bosard, McCutcheon & Rau do not argue that the Debtor obtained Attorney Rau's services through fraud or misrepresentation. Instead, it alleges she misrepresented — after the legal services had already been provided — how she would pay for Attorney Rau's services. This allegation, even if true, is insufficient to support a claim under section 523(a)(2)(A) because the services were obtained before the making of any alleged misrepresentation. Bosard, McCutcheon & Rau therefore has failed to meet the threshold requirement of section 523(a)(2)(A).

5

  2.  11 U.S.C. § 523(a)(6)

Bosard, McCutcheon & Rau argues the obligation is nondischargeable under section 523(a)(6) because the Debtor agreed to pay for the services, knowing she would not fulfill the promise and an injury would occur.

The Bankruptcy Code provides that an individual debtor in a Chapter 7 case is not discharged from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). In this context, the term willful means deliberate or intentional. Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998); Hobson Mould Works, Inc. v. Madsen (In re Madsen), 195 F.3d 988, 989 (8th Cir. 1999). The injury, and not merely the act leading to the injury, must be deliberate or intentional. Geiger, 523 U.S. at 61- 62. Malice requires conduct which is targeted at the creditor, at least in the sense that the conduct is certain or almost certain to cause financial harm. Madsen, 195 F.3d at 989. Malice requires conduct more culpable than that which is in reckless disregard of the creditor's economic interests and expectancies. Ehrman v. Feist (In re Feist), 225 B.R. 450, 454 (Bankr. N.D. 1998). A debtor acts with malice by intending or fully expecting to harm the economic interests of the creditor. Id. The debtor's knowledge that he or she is violating the creditor's legal rights is insufficient to establish malice absent additional aggravating circumstances. Johnson v. Logue (In re Logue), 294 B.R. 59, 63 (B.A.P. 8th Cir. 2003).

Bosard, McCutcheon & Rau has failed to prove that the Debtor willfully injured it. Even if, arguendo, the Debtor deliberately and intentionally misrepresented that she would pay for the services, such is insufficient to establish willfulness. For Bosard, McCutcheon & Rau to prevail,

6

it must show the Debtor intended to injure it through her conduct, not merely that she intentionally acted in a manner that lead to the injury. It has not done so, and the claim under section 523(a)(6) fails.

Therefore, no genuine issue of material fact as to any element remains to be decided with respect to dischargeability under section 523(a)(2)(A) or section 523(a)(6), and the Debtor is entitled to summary judgment as a matter of law. Summary judgment is hereby GRANTED against Plaintiff Bosard, McCutcheon & Rau, Ltd., and in favor of Debtor/Defendant Suzanne M. Withey. The Debtor's obligation to Plaintiff Bosard, McCutcheon & Rau, Ltd. in the amount of $29,583.70 is dischargeable and this adversary proceeding is DISMISSED. The Court has considered all other arguments and deems them to be without merit.

**SO ORDERED.**

**JUDGMENT MAY BE ENTERED ACCORDINGLY.**

Dated this June 1, 2005.

**WILLIAM A. HILL, JUDGE**
**U.S. BANKRUPTCY COURT**

7